IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESTATE OF JULIA F. FUERTES, | § | |
| BYRD FUERTES TEAGUE, | § | |
| INDEPENDENT EXECUTRIX, | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:08-CV-754- BH |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | Consent Case |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the District Court's *Order of Reassignment*, filed January 26, 2009, and the consent of the parties, this matter was reassigned to the undersigned United States Magistrate Judge for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court is the Defendant *United States of America's Motion for Summary Judgment and Brief* ("Def. Br."), filed June 19, 2009 (doc. 17). Based on the pertinent filings, evidence and applicable law, the Court concludes that the motion should be **GRANTED**.

**I. BACKGROUND**

The basic facts of this case are undisputed. (D. Br. at 1; P. Br. at 2). On February 23, 2006, Julie F. Fuertes died, leaving behind a sizeable estate ("Estate"). (App.[1] at 5). Her daughter, Byrd Fuertes Teague ("Plaintiff"), became the court-appointed executrix of the Estate. *Id.* Within a week of her mother's death, Plaintiff retained an attorney ("Attorney") to represent the Estate. (App. at

---

[1] App. refers to the appendix accompanying Defendant's *Motion for Summary Judgment* and *Defendant's Reply to Plaintiff's Response*. The appendix pages are numbered 1-61. Plaintiff did not file its own appendix and relies on the appendix filed by Defendant. (Pl. Br. at 2, n. 2).

1

6).  Around the same time, Plaintiff and Attorney discussed the need to file an estate tax return. (App. at 10, 29).

Pursuant to the Internal Revenue Code, the Estate's tax return was due within nine months of the decedent's death, i.e., no later than November 23, 2006.  (App. at 53).  On December 20, 2006, twenty-seven days after the due date, Attorney applied for an extension of time to file the return and submitted a tax payment in the amount of $2,200,000.00.  (App. at 41, 49).  On March 3, 2007, the Internal Revenue Service ("IRS") denied Plaintiff's extension request because it was filed after the due date. (App. at 18, 23, 53).  On April 10, 2007, Attorney filed the Estate's tax return.  (App. at 46-48).  On May 14, 2007, IRS assessed late filing and late payment penalties against the Estate totaling $554,958.28. (App. at 41-45, 54).  Subsequent to this assessment, the IRS abated the penalties by 30%.  (App. at 12, 41-45).  On February 24, 2008, Plaintiff paid $589,758.57 in unabated penalties and interest.  (App. at 43).

On May 2, 2008, Plaintiff filed suit against Defendant seeking a refund of the unabated penalties and interest she paid for filing the Estate's tax return late and for paying the Estate's taxes late, in the amount of  $589,758.57.  (Compl.[2] at 2; P. Br. at 2; D. Br. at 1).  On June 19, 2009, Defendant moved for summary judgment on grounds that Plaintiff is not entitled to the penalty refund because she did not have reasonable cause for the late filing or late payment.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  "[T]he substantive law will identify which facts are material."

---

[2] *Complaint.*

2

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.  "The party opposing summary judgment is required to identify specific evidence in the

3

record and to articulate the precise manner in which that evidence supports his claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### III. ANALYSIS

Defendant moves for summary judgment on the grounds that Plaintiff failed to establish reasonable cause for untimely filing the Estate's tax return and for untimely paying the Estate's taxes. (Def. Br. at 1). Defendant asserts that Plaintiff's reliance on its agent to timely file the Estate's tax return and to pay the Estate's taxes does not constitute reasonable cause as a matter of law. (Def. Br. at 7).

Pursuant to the Internal Revenue Code, penalties are assessed against a taxpayer for failure to file a tax return by the due date unless the taxpayer shows that "such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). The due date for filing all federal estate tax returns is nine months from the decedent's death. 26 U.S.C. 6075(a). Failure to file an estate tax return by this deadline will result in a penalty, unless the taxpayer meets its "heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" *U.S. v. Boyle*, 469 U.S. 241, 245 (1985) (citing 26 U.S.C. § 6651(a)(1)). Willful neglect means "a conscious, intentional failure or reckless indifference." *Id.* at 245.[3]

To demonstrate reasonable cause for failure to timely file a return, a taxpayer must show that he "exercised ordinary business care and prudence [but] was unable to file the return within the prescribed time." *Boyle*, 469 U.S. at 244 (citing 26 C.F.R § 301.6651-1(c)(1) (1984)). Reasonable cause for failure to timely file a tax return exists if a taxpayer relies on the "erroneous advice of

---

[3] Defendant does not contend that Plaintiff wilfully neglected to file the tax return on time. (D. Br. at 1). The sole issue Defendant presents for review is whether Plaintiff's reliance on Attorney to timely file the Estate's tax return and to pay the Estate's taxes constituted reasonable cause for her failure to meet the tax return deadline. (D. Br. at 1,7).

4

counsel concerning a question of law." *Id.* at 250. For example, reasonable cause may exist where a taxpayer reasonably relies on a tax adviser's opinion that it is unnecessary to file a return, even if such advice turns out to be mistaken. *Id.* Reasonable cause, however, does not exist where the taxpayer simply relies on the tax attorney to make a timely filing of a tax return. *See id.* at 252. Congress has charged the taxpayer with an unambiguous duty to file the estate tax return within the statutory deadline. *Id.* at 249-50. That the taxpayer expected an attorney, as his agent, to attend to the matter does not absolve the taxpayer of her duty to comply with the statute. *Id.* at 250.[4]

In support of its motion, Defendant relies on deposition testimony by Plaintiff and Attorney. (D. Br. at 2-3; Reply at 4-7). Plaintiff testified that she hired Attorney to help her because she did not have a background in business and because taxes were not "her bailiwick." (App. at 10). When questioned as to who was responsible for filing the tax return, Plaintiff testified: "Well, I thought that [Attorney] knew what he was doing, because he had done the estate before and no, I did not research it myself. That's why I hired him." (App. at 10). When asked about the circumstances surrounding the late filing of the tax return, Plaintiff testified that Attorney contacted her in December of 2006 to inform her that he was getting ready to request the extension. *Id.* She elaborated: "I went out to his office and . . . I took a check out there and I signed off on the request for the extension and they sent it off." *Id.* When asked, "so if I ask you why was the extension filed late, would you say as, in your mind, you were relying exclusively on [Attorney]?" Plaintiff answered, "Yes. I was relying on him." (App. at 14). At his deposition, Attorney was asked, "Just so I'm clear, though, it was your obligation to see that things got filed timely. You weren't relying

---

[4] The Fifth Circuit has similarly held that the responsibility for ensuring a timely filing is the taxpayer's alone, and that the taxpayer's reliance on her tax attorney does not constitute the "reasonable cause" necessary to statutorily excuse a late filing. *See, e.g., Millette & Associates v. Commissioner*, 594 F.2d 121, 124-125 (per curiam), cert. denied, 444 U.S. 899 (1979); *Logan Lumber Co. v. Commissioner*, 365 F.2d 846, 854 (1966).

on [Plaintiff]?" (App. at 34). Attorney responded, "That's absolutely correct." *Id.* Attorney further acknowledged that he did not advise Plaintiff as to any filing deadlines for the Estate's tax returns. (App. at 37).

Plaintiff's deposition testimony shows that she relied on Attorney to meet the filing deadline and to request extensions for the Estate's tax return. Attorney, in his testimony, also acknowledged his responsibility for timely filing the tax return. This evidence establishes that Plaintiff's reliance on Attorney was not reliance on legal advice as to a matter of tax law, but a delegation of her unambiguous duty to timely file the estate tax return. *See Boyle*, 469 U.S. at 249-252. By pointing to deposition testimony establishing Plaintiff's reliance on Attorney to timely file the estate tax return, Defendant has met its burden to show that there is no genuine issue of material fact regarding Plaintiff's claim of entitlement to a penalty refund under 26 U.S.C. § 6651(a). *See id*; *see also Celotex Corp.*, 477 U.S. at 323.

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record establishing a genuine issue of material fact for trial concerning her claim of entitlement to a penalty refund. *Celotex Corp.*, 477 U.S. at 324. The Plaintiff must "go beyond the pleadings" and by her own affidavits, depositions, answers to interrogatories, and admissions on file point out "specific facts" to show that there is a genuine issue of fact. *Id.* Even though Plaintiff pleads she relied on Attorney for legal advice as to a matter of tax law, and not to file the Estate's tax return, she does not point out to the Court any specific facts or provide her own evidence to support her claim.[5] (Pl.

---

[5] The only evidence Plaintiff points to is the following statement Attorney made at his deposition: "What I acknowledge is my mistake in assumption, that there was an automatic six-month extension, and that's when we discovered it was not." (P. Br. at 6; App at 23). This testimony does not show that Plaintiff did not delegate her duty to timely file the Estate's tax return to Attorney. It merely shows the reason for Attorney's failure to file the return on time.

6

Br. at 2). Plaintiff therefore has not met her burden to establish a genuine issue of material fact for trial concerning her penalty refund claim. *Celotex Corp.*, 477 U.S. at 322-23. Because Plaintiff did not meet her burden, Defendant is entitled to summary judgment on Plaintiff's penalty refund claim. *Id.*

## V. CONCLUSION

No genuine issue of material fact exists with respect to Plaintiff's claim of entitlement to a penalty refund under 26 U.S.C. § 6651(a), and summary judgment is appropriate in this case. Accordingly, Defendant *United States of America's Motion for Summary Judgment* is **GRANTED**.

**SO ORDERED** on this 22nd day of September, 2009.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE